IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONIKA THORNHILL, )
)
          Plaintiff, )
)
v. )
) CASE NO. _____
PORTFOLIO RECOVERY ASSOCIATES, )
LLC, )
)
          Defendant. )
_____ )

## NOTICE OF REMOVAL

**COMES NOW** defendant Portfolio Recovery Associates, LLC ("Defendant"),[1] by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division. In support of this Notice of Removal, Defendant states as follows:

---

[1] Plaintiff initially filed her Complaint against Portfolio Recovery Associates, Inc. On November 12, 2013, Plaintiff filed a Corrected-Amended Complaint re-naming Portfolio Recovery Associates, LLC as Defendant which was previously named as Portfolio Recovery Associates, Inc. Pursuant to Fed. R. Civ. P. 15, an amended complaint supersedes the original complaint. *See Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). To the extent the Court determines that Portfolio Recovery Associates, Inc. is still a party to this action, Portfolio Recovery Associates, Inc. consents and joins in this removal.

20178082 v1

## I. INTRODUCTION

1. Plaintiff Monika Thornhill ("Plaintiff") commenced this action by filing a Complaint against Portfolio Recovery Associates, Inc. in the Sixth Judicial Circuit in and for Pinellas County, Florida, Case Number 52-2013-CA-004544-XXCICI on or about April 15, 2013.

2. Plaintiff subsequently filed an Amended Complaint on November 12, 2013, naming Portfolio Recovery Associates, LLC as defendant.

3. In her Amended Complaint, Plaintiff alleges that Defendant contacted her directly in an attempt to collect a debt after being allegedly instructed to contact her attorney. [*See* Amended Complaint, ¶¶ 7-8.] Plaintiff also alleges that Defendant contacted her with an auto-dialer and without her express consent. [*See id.*, ¶ 8.] Based upon these allegations, Plaintiff alleges that Defendant violated the Florida Consumer Collection Practices Act ("FCCPA"). [*See id.*, ¶ 12.]

4. In her Amended Complaint, Plaintiff stated that she reserved the right to seek damages under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, "if the facts so warrant." [*See id.*, ¶ 8, fn. 3.]

5. Defendant served Plaintiff with discovery requests on or around December 20, 2013. On February 5, 2014, Plaintiff served her responses to Defendant's Request for Admissions in which she indicated for the first time that she was seeking damages under the TCPA. [*See* Pl.'s Resp. to Def.'s Req. for Adm., ¶ 8.] Specifically, Plaintiff admitted to asserting a federal cause of action against Defendant for "$500 per unauthorized phone call (from Defendant to Plaintiff) under the TCPA." [*See id.*]

6. On February 28, 2014, Plaintiff served her responses to Defendant's Interrogatories, in which she indicated that she was seeking damages under the TCPA. [*See* Pl.'s Resp. to Def.'s Interrogs., ¶ 8.]

7. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

8. This case is properly removable, pursuant to 28 U.S.C. § 1331, which provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

10. Courts have held that responses to request for admissions and other correspondence between parties can be "other paper" under 28 U.S.C. § 1446(b). *Sibilia v. Makita Corp.*, 782 F. Supp. 2d 1329, 1330 (M.D. Fla. 2010); *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (citations omitted).

20478082 v1

3

11. Plaintiff has indicated in her responses to Defendant's discovery requests that she is now seeking damages under the TCPA. [*See* Plaintiff's Admissions, No. 8; *see also* 15 U.S.C. § 1692 *et seq*.] Accordingly, this action arises under the laws of the United States and is therefore removable.

### III. ADOPTION AND RESERVATION OF DEFENSES

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV. PROCEDURAL REQUIREMENTS

13. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

14. True and correct copies of "all process, pleadings, orders and other papers or exhibits of every kind" on file in the state court are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a) and Local Rule 4.02. There has been no other process, pleadings, or orders served upon Defendant to date in this case.

15. Defendant was served with Plaintiff's discovery responses on February 28, 2014. Accordingly, this Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446(b).

16. Defendant has heretofore sought no similar relief.

17. The United States District Court for the Middle District of Florida, Tampa Division, is the court and division embracing the place where this action is pending in state court.

18. Contemporaneously with the filing of this Notice of Removal, Defendant is filing a copy of same with the clerk of the Sixth Judicial Circuit in and for Pinellas County, Florida, and a Notice of Filing Notice of Removal. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

19. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Sixth Judicial Circuit in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

Respectfully submitted on this 7th day of March, 2014.

/s/ R. Frank Springfield (FL Bar No. 10871)
BURR & FORMAN LLP
420 N. 20th St., Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 244-5615
fspringfield@burr.com

Laura Tanner (FL Bar No. 85573)
BURR & FORMAN LLP
One Tampa City Center, Suite 3200
201 North Franklin Street
Tampa, Florida 33602
Telephone: (813) 221-2626
ltanner@burr.com

Attorneys for Defendant
PORTFOLIO RECOVERY ASSOCIATES, LLC AND
PORTFOLIO RECOVERY ASSOCIATES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses via email on this the 7th day of March, 2014:

W. John Gadd
Bank of America Building
2727 Ulmerton Road - Suite 250
Clearwater, FL 33762
wjg@mazgadd.com

*[signature]*
OF COUNSEL

20178082 v1

6