Electronically Filed 11/12/2013 01:31:05 PM ET

IN THE CIRCUIT COURT DIVISION OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
Civil Division

MONIKA THORNHILL

     Plaintiff,

                               Case Number 13-004544-CI

v.

PORTFOLIO RECOVERY ASSOCIATES, INC.

     Defendant.

_____/

## CORRECTED-AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL[1]

The Plaintiff, MONIKA THORNHILL (herein referred to as "Plaintiff") by and

through his undersigned counsel, sues Defendant Portfolio Recovery Associates, LLC,[2]

which has attempted to collect a disputed consumer debt (herein referred to as

"Defendant") and further alleges as follows:

1. Plaintiff is a resident of Pinellas County, Florida and domiciled therein.

2. Upon information and belief, Defendant is believed to be a foreign corporation

doing business throughout the State of Florida, including Pinellas County, as a debt

collector. Defendant is a debt collector as defined by law. All material events occurred

regarding the collection of this alleged debt occurred in Pinellas County, Florida.

Plaintiff is a consumer as defined by Chapter 559 of the Florida Statutes.

3. The underlying civil action contains an amount in dispute above $15,000.00,

---

[1] While a motion to dismiss has been filed, a dispositive motion does not equate to a responsive pleading
and, accordingly, a party may amend a pleading once as a matter of course at any time before a responsive
pleading is served. Fla. R. Civ. Proc., 1.190. In addition, Plaintiff, based upon the representations of
Defendant, hereby sue Portfolio Recovery Associates, Inc., which was previously named as Portfolio
Recovery Associates, Inc.
[2]

***ELECTRONICALLY FILED 11/12/2013 1:36:25 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

4. This court has jurisdiction.

5. This civil action is premised upon violations of Chapter 559 of the Florida Statutes. Plaintiff demands a trial by jury on all counts so triable.

<u>GENERAL ALLEGATIONS</u>

6. Plaintiff re-alleges and incorporates paragraphs one through five as if stated fully herein.

7. Plaintiff was alleged by Defendant to have a consumer debt. Each alleged account has arisen from the very same alleged transactions and very same accounts, through Defendant, for their own administrative purposes.

8. Plaintiff disputed the allegation of indebtedness made by Defendant and Plaintiff advised Defendant to no longer contact Plaintiff, but instead to contact Plaintiff's legal representative regarding the claims of indebtedness on October 29, 2012. Irrespective of said cease and desist, Defendant continued to contact Plaintiff without regard to Plaintiff's specific instructions on at least April 11, 2013, with an auto-dialer and without express consent.[3]

9. Accordingly, Defendant refused Plaintiff's lawful directive as set forth by Plaintiff and continued to contact Plaintiff without regard to Plaintiff specific instructions and cease and desist.

10. Plaintiff had a lawful right to instruct Defendant to have no further direct contact with Plaintiff regarding that debt alleged by Defendant, per Chapter 559 of the Florida Statutes.

---

[3] Plaintiff reserves the right to amend this complaint to include a claim under 47 U.S.C. 227 if the facts so warrant.

11. Fla. Statute Section 559.72, which prohibits debt collectors (such as Defendant in this case) from harassing alleged debtors and which prevents a debt collector from communicating directly with an alleged debtor if the debt collector knows that the alleged debtor is represented by an attorney.

12. Defendant's conduct, including but not limited to Defendant's willful, intentional and malicious refusal to cease harassing Plaintiff and to, further refuse to communicate with Defendant's legal representative constitutes a violation of law, including but not limited to Fla. Statutes, Section 559.72(18).

WHEREFORE, Plaintiff seeks judgment against Defendant for all damages provided for under the law as well as reasonable attorney fees and costs.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via email this 12th day of November, 2013 to:

Frank Springfield, Esq.,
Burr & Forman, LLP.
Suite 3400, 420 North 20th Street
Birmingham, Alabama 35203
fspringfield@burr.com

/s/W. John Gadd
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com

3